IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD L. COGAR,

        Plaintiff,

v.                                                       Civil Action No. 3:04-CV-112
                                                       (Judge Bailey)

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED.**

## I. Introduction

A.    Background

Plaintiff, Donald L. Cogar, (Claimant), filed his application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) on October 17, 2007.[1] Commissioner filed a response to the application on October 30, 2007.[2] Claimant filed a response to Commissioner's brief on November 9, 2007.[3] A hearing was held before this Court on April 4, 2007.

B.    The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice

---

[1] Docket No. 26

[2] Docket No. 27

[3] Docket No. 28

Act.

C.  Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED** because the Commissioner was substantially justified in arguing the ALJ's erroneous omission was harmless and because Claimant has failed to demonstrate the Commissioner's alleged delay, failure to protect evidence, or failure to provide a complete transcript entitles him to attorney's fees.

## II.  Facts

Claimant filed his complaint on November 24, 2004, seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4]  Commissioner filed his answer on July 28, 2005.[5]  Claimant filed his motion for summary judgment on October 27, 2006.[6]  Commissioner filed his motion for summary judgment on November 27, 2006.[7]  This Court entered a report and recommendation on July 31, 2007, recommending that the action be remanded to the Commissioner because the ALJ's hypothetical to the Vocational Expert did not incorporate all of Claimant's limitations.[8]  On September 12, 2007, the Honorable John P. Bailey, U.S. District Judge, entered an order

---

[4] Docket No. 1

[5] Docket No. 6

[6] Docket No. 20

[7] Docket No. 21

[8] Docket No. 24

2

accepting and adopting the report and recommendation in its entirety.[9]

### III. Claimant's Application for Award of Attorney's Fees

A.   <u>Contentions of the Parties</u>

Claimant contends that the Court should award attorney's fees because the Commissioner was not substantially justified in arguing the ALJ's erroneous omission was harmless. Claimant also contends the Court should award attorney's fees because the Commissioner caused unreasonable delays below, failed to protect and preserve evidence in his custody, and failed to cooperate in completing the administrative transcript.

Commissioner contends he was substantially justified in arguing the ALJ's erroneous omission was harmless. If the Court finds Commissioner lacked substantial justification, Commissioner asks the Court order the award be made payable to Claimant, not Claimant's counsel.

B.   <u>The Standards</u>

1.   <u>EAJA Fees to Prevailing Party</u>. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

2.   <u>General Eligibility Requirements</u>. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412;

---

[9] Docket No. 25

Crawford, 935 F.2d at 656.

3.  <u>Substantial Justification - Definition</u>.  Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-69 (1988).  The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits.  <u>Crawford v. Sullivan</u>, 935 F.2d at 657.  Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Pierce</u>, 487 U.S. at 565.

4.  <u>Substantial justification - Burden of Proof</u>.  In the district court, the government has the burden of showing substantial justification.  <u>Lively v. Bowen</u>, 858 F.2d 177, 180 (4th Cir. 1988).

5.  <u>Substantial justification - Independent Determination by the Court</u>.  While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position.  <u>Campbell v. Bowen</u>, 800 F.2d 1247, 1249 (4th Cir. 1986).

6.  <u>Substantial justification - Law and Fact</u>.  The government's position must be substantially justified in both fact and law.  <u>Pierce</u>, 487 U.S. at 565; <u>Crawford</u>, 935 F.2d at 656.  An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts.  <u>Thompson v. Sullivan</u>, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantial justification - Disputed Facts</u>. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. <u>Thompson</u>, 980 F.2d at 282.

8. <u>Substantial justification- Arguably Defensible Administrative Record</u>. A position based on an arguably defensible administrative record is substantially justified. <u>Crawford</u>, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. <u>Sigman v. U.S. Dep't. of Health and Human Servs.</u>, 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. <u>Substantial justification - Government Ignores the Law</u>. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. <u>Hyatt v. Heckler</u>, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. <u>Id.</u> at 382. A policy of non-acquiescence cannot be substantially justified. <u>Thompson</u>, 980 F.2d at 283.

10. <u>No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded</u>. Commissioner is not automatically liable for attorney's fees every time he loses a case. <u>Crawford</u>, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." <u>Id.</u> (citing <u>Tyler Business Services, Inc. v. NLRB</u>, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. <u>Cook v. Sullivan</u>, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

5

11.     Substantial Justification versus Substantial Evidence.  The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits.  Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991).  Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question).  Cook, 935 F.2d at 1285.  While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12.     Final Judgment - Timely Filing of Application.  A party seeking an award of fees and expenses shall, within thirty days of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated.  42 U.S.C. § 2412(d)(1)(B).

14.     Final Judgment - Prevailing Party - Generally.  A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

15.     Final Judgment - Sentence Four Remand - When the Filing Period Begins.  The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable.  Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).  When the United States is a party, the period for appealing the judgment is 60 days.  Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. <u>Payne v. Sullivan</u>, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. <u>Crawford</u>, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. <u>Hensley</u>, 461 U.S. at 433.

### 2. Timely Filing

On September 12, 2007, the district court entered its order accepting and adopting the Undersigned's report and recommendation. Commissioner therefore had until November 12,

2006, to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed her application for attorneys' fees on October 17, 2007, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

The issue here is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that he relied on a defensible administrative record in this case.

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565). Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657.

In this case, the Court concludes the government's position was substantially justified

8

because although the ALJ erroneously omitted from the hypothetical Claimant's need for minimal contact with people, there existed "such relevant evidence as a reasonable mind might accept as adequate" to support the Commissioner's argument that the omission was harmless. See Pierce, 487 U.S. at 565. Specifically, there existed evidence that the majority of the work functions in the jobs cited by the VE required working with things rather than people. Accordingly, the Commissioner was substantially justified in arguing that even though the ALJ erred in his omission, the error did not affect the substance of the ALJ's decision to the point of requiring remand. See Morgan v. Barnhart, 142 Fed. Appx. 716, 723 (4th Cir. 2005). The fact the Court ultimately disagreed with the Commissioner does not change the fact the Commissioner's position was substantially justified. See Crawford, 935 F.2d at 657.

Regarding Claimant's assertion he is entitled to attorney's fees because the Commissioner "caused unreasonable delays below, failed to protect and preserve evidence in his custody, and failed to cooperate in completing the administrative transcript," the Court declines to award attorney's fees on such basis. Although the Court may consider the Commissioner's pre-litigation conduct when determining whether to award attorney's fees under EAJA, the Court finds mere delay, loss of evidence, and any alleged failure to provide a completed transcript does not render the Commissioner's pre-litigation position lacking in substantial justification so as to warrant an award of attorney's fees See Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986) [holding "the government's litigation position [and] also its position with respect to the original governmental action which gave rise to the ligation must be considered in determining whether the government's position was 'substantially justified'"]; see also Cummings v. Sullivan, 950 F.2d 492, 496 (7th Cir. 1991).

9

## IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED** because the Commissioner was substantially justified in arguing the ALJ's error was harmless and because Claimant has failed to demonstrate the Commissioner's alleged delay, failure to protect evidence, or failure to provide a complete transcript entitles him to attorney's fees.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: May 1, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE