IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DONALD L. COGAR,**

    **Plaintiff,**

v.                                                                                  Civil Action No.    3:04CV112
                                                                              (BAILEY)

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES

**I.**    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 36), and the plaintiff's corresponding objections (Doc. 37). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for

clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 36)** should be, and is, **ORDERED ADOPTED**.

II.     Factual & Procedural History

The relevant factual and procedural history regarding the Plaintiff's Application for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 26) are as follows. On November 24, 2004, the plaintiff filed his complaint seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 1383(c)(3). By standing order of the Court, this case was referred to the United States Magistrate Judge James E. Seibert for proposed findings of fact and a recommended disposition. By Order dated September 12, 2007 (Doc. 25), the Court adopted the Magistrate Judge's Report and Recommendation (Doc. 24), finding that remand was warranted because the Administrative Law Judge's (ALJ) hypothetical to the Vocational Expert omitted the claimant's need for minimal interpersonal contact.

In light of this disposition, on November 17, 2007, the plaintiff filed his Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Doc. 26). In support, plaintiff contends that the award of fees is warranted because the Commissioner was not substantially justified in arguing that the ALJ's erroneous omission constituted harmless error. In addition, the plaintiff contends that the Court should award fees because the Commissioner caused unreasonable delays below, failed to protect and preserve evidence in his custody, and failed to cooperate in completing the administrative transcript. In response, the Commissioner contends that his decision to defend the ALJ's erroneous omission as harmless did not lack substantial justification.

Upon consideration, Magistrate Judge recommended that the Plaintiff's Application for Fees Under the Equal Access to Justice Act be denied, as the Commissioner was substantially justified in defending the ALJ's erroneous omission as harmless error. In response, the plaintiff reasserts his arguments that the Commissioner was not substantially justified in arguing that the ALJ's erroneous omission constituted harmless error, and that the Court should award fees because the Commissioner caused unreasonable delays below, failed to protect and preserve evidence in his custody, and failed to cooperate in completing the administrative transcript.

III.  Legal Standards

As properly noted by the Magistrate Judge, four elements must be met in order to establish eligibility for an award of attorney's fees under the Equal Access to Justice Act: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; **Crawford v. Sullivan**, 935 F.2d 655, 656 (4th Cir. 1991). In regard to the second element, the United States Supreme Court has held that substantial justification means justified in substance or in the mains rather than justified to a high degree. **Pierce v. Underwood**, 935 F.2d 522, 565-69 (1988). Significantly, substantial justification requires at a minimum "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Furthermore, concerning the burden of proof, it is the government and not the claimant, that has the burden of showing substantial justification. **Lively v. Bowen**, 858 F.2d 177, 180 (4th Cir. 1988). Nevertheless, the question of whether the record

demonstrates substantial justification for a litigation position is one accorded to the sound discretion of the district court. *Campbell v. Brown*, 800 F.2d 1247, 1249 (4th Cir. 1986); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). In aiding this determination, the case law is clear that a litigation position based on an arguably defensible administrative record is substantially justified. *Crawford*, 935 F.2d at 658. In addition, the Court notes the absence of a "presumption that the government position was not substantially justified, simply because it lost the case." *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) (citing *Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982)).

## V. Discussion

Turning to the case at bar, the Court finds that the Commissioner was substantially justified in defending the ALJ's erroneous omission as harmless error. Significantly, and despite the ALJ's omission of plaintiff's need for minimal interpersonal contact in the hypothetical, most of the work functions in the jobs cited by the Vocational Expert required working with things rather than with people. As such, the Court concurs with the finding of the Magistrate Judge that the Commissioner was substantially justified in defending the ALJ's omission as harmless because there is "such relevant evidence as a reasonable mind might accept as adequate" to support the position.

Similarly, the Court rejects the plaintiff's argument that fees are justified because the Commissioner caused unreasonable delays below, failed to protect and preserve evidence, and failed to cooperate in completing the administrative transcript. While pre-litigation conduct may be considered when deciding whether to award fees under the Equal Access to Justice Act, the Court finds, as did the Magistrate Judge, that the alleged wrongs

do not amount to a pre-litigation position lacking in substantial justification so as to warrant an award of fees. *See Gotches v. Heckler*, 782 F.2d 765, 767 (7th Cir. 1986).

VI. <u>Conclusion</u>

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 36) is ORDERED ADOPTED**; and

2. That the **Plaintiff's Application for Award of Attorney's Fees (Doc.23) is DENIED;**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated this 8th day of July, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE